IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DANIEL B. HURLBUT                                                                                          PLAINTIFF

       v.                              Civil No. 6:13-cv-06045

DR. LIZBETH MURPHY; DR. MARVIN
KIRK; DR. NATALIE STRODE; SERGEANT
CECIL HATHCOCK; SERGEANT MELUGIN;
SERGEANT SUSAN TURNER; NURSE BECKY
KINNU; HEARING OFFICER TERRIE L.
BANISTER; WARDEN REED; LIEUTENANT
ADAM CLARK; UNIT WARDEN GOLDEN;
DREAM YOUNG, Unit Health Services
Administrator; CORPORAL HUNTER; MR.
JONES, Mental Health; and MS. BUCKNER,
Mental Health                                                                                              DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

       This is a civil rights case filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2014), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

       Plaintiff is not currently incarcerated. However, when he filed this case, he was incarcerated at the Ouachita River Unit (ORU) of the Arkansas Department of Correction (ADC). The events that are the subject of this case occurred at the ORU. Plaintiff maintains his constitutional rights were violated in the following ways: he was denied adequate medical and mental health care; he was retaliated against for filing grievances; and he was denied Due Process in connection with disciplinary charges.

Currently before me for issuance of this report and recommendation are the following motions: (1) motion for partial summary judgment filed by the Plaintiff (ECF No. 129); (2) a motion for summary judgment filed by Dr. Lizbeth Murphy, Dr. Marvin Kirk, Dr. Natalie Strode, Nurse Becky Kinnu, and Dream Young, Unit Health Services Administrator (ECF No. 133); (3) the cross-motion for summary judgment filed by all the Arkansas Department of Correction Defendants (ECF No. 138).

### 1. Background

Plaintiff was incarcerated at the ORU from January 3, 2013, until May 3, 2013. During that time, Plaintiff maintains he was not provided adequate medical for his disease. He has a medical condition known as congenital adrenal hyperplasia (CAH) a genetically inherited disorder of the adrenal gland. http://www.nlm.nih.gov/medlineplus/ency/article/000411.htm (accessed 2/2/2015).

Plaintiff also maintains he was not given adequate mental health care. He reported a history of being diagnosed with and treated for bipolar disorder, anxiety, and sleep depravation.

With respect to the disciplinary procedures, the Plaintiff maintains he was denied Due Process because of the lack of investigation and the conclusory nature of the hearing. Finally, Plaintiff maintains he was retaliated against in a variety of ways for filing grievances about his medical and mental health treatment.

Plaintiff filed this case on April 30, 2013. He named as Defendants those involved in his medical and mental health care (the Medical Defendants) as well as a number of ADC employees (the ADC Defendants) who he contends violated his constitutional rights in a variety of ways.

**2. Applicable Standard**

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *National Bank of Commerce v. Dow Chemical Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *National Bank*, 165 F.3d at 607 (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id.* (*citing, Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)).

**3. Discussion**

Plaintiff has moved for summary judgment against Dr. Kirk, Dr. Murphy, Nurse Kinnu, and Dream Young. ECF No. 129. He maintains they exhibited deliberate indifference to his serious medical needs.

The Medical Defendants contend they are entitled to summary judgment for the following reasons: (1) Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit; and (2)

there is no evidence of deliberate indifference on their parts. ECF No. 133.

The ADC Defendants maintain this case should be dismissed for failure to exhaust administrative remedies. ECF No. 138. I will address the exhaustion issue first. If Plaintiff did not exhaust the grievance procedure prior to filing suit, this case is subject to dismissal.

The ADC has a written grievance procedure. Administrative Directive 12-16 ("Directive 12-16") governed grievance procedures at the ADC during the time at issue here. A two-step procedure is utilized with the first step involving efforts to informally resolve the issue and step two consisting of the formal grievance. An informal attempt to resolve a grievance must be submitted within 15 days of the occurrence. *Medical Defendants' Exhibit* (hereinafter *Med. Defts' Ex.*) A at pg. 5. Directive 12-16 states in pertinent part:

> Inmates are required to attempt informal resolution of a problem/complaint prior to filing a grievance . . . On the Unit Level Grievance Form . . . the inmate should write a <u>brief statement</u> that is specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form.

*Id.* at pg. 5, Directive 12-16, IV, E(2) (emphasis in original).

The Unit Level Grievance Form also instructs an inmate to state one complaint or concern and be specific as to the complaint, date, place, name of personnel involved, and how he was affected. *Med. Defts' Ex.* A at pg. 19.

> After attempting to resolve their issue through Step One, informal resolution, an inmate can proceed to Step Two by filing a formal grievance on the ***same*** Unit Level Grievance Form . . . that was used for Step One . . . .

*Id.* at pg. 8, Directive 12-16, IV, F (emphasis in original).

If the grievance is medical in nature, it is forwarded to the Health Services Administrator (HSA). *Med. Defts' Ex.* A at pg. 9, Directive 12-16, IV, F(5)(a). If the

grievance concerns mental health services, it is forwarded to the Mental Health Supervisor.

*Id.*, Directive 12-16, IV, F(5)(b).

> After receiving a response from the . . . Health Services Administrator, the Mental Health Supervisor . . . if the inmate is not satisfied, he or she may appeal within five (5) working days to the appropriate Chief Deputy/Deputy/Assistant Director who will attempt to resolve the matter or assign an appropriate staff member to do so.

*Id.* at pg. 11, Directive 12-16, IV, G.

> The Chief Deputy/Deputy/Assistant Director will respond in writing to the inmate concerning the decision [on his appeal] within thirty (30) working days . . . A written decision . . . at this level is the end of the grievance process.

*Id.* at pg. 12, Directive 12-16, IV, G(6).

Finally, Directive 12-16 advises inmates of the PLRA limitations:

> Inmates are hereby advised that they must exhaust their administrative remedies as to all defendants at all levels of the grievance procedure before filing a Section 1983 lawsuit and Claims Commission claim. If this is not done, their lawsuits or claims may be dismissed immediately.

*Id.* at pg. 18, Directive 12-16, IV, N.

Between January 3, 2013, and May 3, 2013, Plaintiff submitted eleven formal medical and mental health grievances designated: OR-13-00171; OR-13-00208; OR-13-00228; OR-13-00280; OR-13-00314; OR-13-00315; OR-13-00316; OR-13-00317; OR-13-00487; OR-13-00488; and OR-13-00537. *Med. Defts' Exs.* B & C. Plaintiff appealed seven of these grievances to the Deputy Director for Health and Correctional Programs. *Id.*

Plaintiff received appeal decisions for grievances numbered: OR-13-00171; OR-13-00208; OR-13-00228; OR-13-00280; and OR-13-00314 on May 10, 2013. *Med. Defts' Exs. B* at 1, 5, 9, 13, and 16 & C at 1-2. Plaintiff received a grievance appeal decision as to grievance number OR-13-00487 on May 28, 2013.

Plaintiff's grievance appeal as to grievance number OR-13-00487 was rejected procedurally because Plaintiff failed to attach a copy of the unit level grievance form as required by the Inmate Grievance Policy. *Med. Defts' Exs.* B at pg. 26 & C at pg. 2. As to grievance number OR-13-00315, Plaintiff received a grievance appeal decision from the Deputy Director on June 7, 2013. *Id.* B at pg. 20 & C at pg. 2.

The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), mandates exhaustion of available administrative remedies before an inmate files suit. Section 1997e(a) provides: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility **until** such administrative remedies as are available are exhausted." (emphasis added).

Exhaustion is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court concluded that "to properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules." *Id.* at 218 (internal quotation marks and citation omitted). The Court stated the "level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to clam, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.* "[F]ailure to exhaust available administrative remedies is an affirmative defense, not a matter of subject matter jurisdiction." *Lenz v. Wade*, 490 F.3d 991, 993 n. 2 (8th Cir. 2007).

The Supreme Court in *Booth v. Churner*, 532 U.S. 731, 738-39 (2001) held: "exhaustion is required where administrative remedies are available even if the available administrative remedies do not provide the precise, or full, relief sought." *Walker v. Maschner*, 270 F.3d 573, 577 (8th Cir.

2001). The exhaustion requirement applies to "all inmate suits about prison life." *Porter*, 534 U.S. at 532. This is true whether the claims "involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Id.*

In *Williams v. Norris*, 176 F.3d 1089, 1090 (8th Cir. 1999), the Court held that a claim could proceed because it was exhausted at the time the Court ruled. In *Johnson v. Jones*, 340 F.3d 624 (8th Cir. 2003), the Court was faced with this issue and concluded, in light of the Supreme Court holdings in *Booth* and *Porter,* the holding in *Williams* was "no longer tenable." *Johnson*, 340 F.3d at 627. It stated that:

> [u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court. Thus, in considering motions to dismiss for failure to exhaust under section 1997e(a), the district court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred. If exhaustion was not completed at the time of filing, dismissal is mandatory.

*Id.*

Plaintiff maintains this point is moot because he is no longer imprisoned and the grievance procedure has now been exhausted. ECF No. 142 at pg. 1. This argument is without merit. Plaintiff was a prisoner when he filed the complaint. *See e.g., Witzke v. Femal*, 376 F.3d 744, 750 (7th Cir. 2004)(Prisoner status under the PLRA is determined at the time the case was filed). The PLRA exhaustion requirement therefore applied to him. The question of whether the grievance procedure has been exhausted is determined at the time of the filing of the complaint. *Johnson*, 340 F.3d at 627. It is undisputed that Plaintiff has not exhausted the grievance procedure *prior* to filing this case on April 30, 2013.

### 4. Conclusion

For the reasons stated, I recommend that the Defendants' Motions for Summary Judgment (ECF Nos. 133 & 138) be **GRANTED** and this case be **DISMISSED WITHOUT PREJUDICE**. I recommend that Plaintiff's motion for partial summary judgment (ECF No. 129) be **DENIED**.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 5th day of February 2015.

                                                  /s/ Barry A. Bryant
                                                  HON. BARRY A. BRYANT
                                                  UNITED STATES MAGISTRATE JUDGE